LATHAM & WATKINS LLP    MORRISON FOERSTER

October 20, 2025


*VIA ECF*


Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

Re:   <u>**OpenAI's Opposition to Class Plaintiffs' Motion at Dkt. 659**</u>; *In re OpenAI Inc.*
      *Copyright Infringement Litigation*, Case No. 1:25-md-03143-SHS-OTW; This Document
      Relates to: Case Nos. 1:23-cv-08292, 1:23-cv-10211, 1:24-cv-00084, 1:25-cv-03291,
      1:25-cv-03482, 1:25-cv-03483.

Dear Judge Wang:

Class Plaintiffs seek leave to serve burdensome interrogatories (with 38(!) subparts, *see* Ex. A)
after the deadline to serve discovery, in excess of Federal Rule 33's limits, in violation of Local
Rule 33.3, and all without good cause, a particularized showing, or ***any*** supporting authority.

Plaintiffs' Motion begins with a demonstrably false premise: that they have been trying since the
beginning of discovery to determine what books OpenAI downloaded and what it used them for.
In reality, Plaintiffs filed ten different complaints focused not on *downloads* but on the alleged
inclusion of copyrighted books ***in training datasets*** used to train the relevant GPT models.
Accordingly, discovery has focused for two years on the contents of these training datasets, not
on ancillary data artifacts ***not used*** for training.

But Plaintiffs saw the writing on the wall.  The use of books to train LLMs is a fair use, as two
federal courts have already held.  So, Plaintiffs have aggressively pivoted to a new "download-
only" infringement claim.

Judge Stein will decide whether that claim can proceed, *see* Dkt. 332, but ***even if it can***,
substantial completion of document discovery has passed, depositions are accelerating, and the
parties need to focus on getting this case ready for summary judgment.  It is too late for Plaintiffs
to serve untimely, sprawling interrogatories.  Plaintiffs must first try to obtain the information
they actually need from depositions and timely-served requests; then—and after Judge Stein
rules on the "download-only" claim—the parties can revisit the need, if any, to address untimely
questions.

Page 2

## I.    Background

Plaintiffs manufactured this dispute to justify a discovery do-over.  Each of the first ten complaints limited the proposed class to authors whose books were allegedly used ***to train*** OpenAI's LLMs.  *See* Ex. B.  For two years, discovery was focused on data used "to train" the relevant GPT models.  Dkt. 659 ("Mot.") at 3 (quoting RFP 6); *see also* Ex. C (interrogatories 1, 7, 8, 9, and 15, all focused on training datasets).  When requests sought extraneous information, they were narrowed by agreement.  *See* Mot., Ex. 12 at 1.  In response, OpenAI produced and made available for inspection tens of thousands of gigabytes of training data and hundreds of thousands of pages of documents.

Then, Plaintiffs raised an entirely new "download-only" claim.  On August 19, the final day to serve written discovery, they served 108 new RFPs, many focused on data ***not*** used for training.

As the deposition of OpenAI engineer Chris Hallacy approached, OpenAI came to believe that certain non-training data artifacts preserved in 2024 *might* be responsive to Plaintiffs' *new* requests.  Importantly, the substantial completion deadline did not apply to these requests, and OpenAI had objected to them all.  Nevertheless, OpenAI notified Plaintiffs that it had identified "2019 data related to Library Genesis,"[1] and suggested rescheduling the deposition.  *Id.* at 15.

Plaintiffs refused to wait for the data, conducting a two-day deposition that clocked ten hours on record.  The witness did not recollect this project from six years ago and did not know what was in the data.  Mot, Ex. 4 at 337:12–338:24; Ex. 13 at 149:17–150:6.  Plaintiffs—before even reviewing the data—demanded a second deposition and announced their intent to serve "two" interrogatories.  Mot., Ex. 12 at 9–13.  For this Motion, Plaintiffs buried those interrogatories in the middle of over 350 exhibit pages:

> information from Libgen that OpenAI has created and deleted. Please let us know if you will oppose our request to serve these interrogatories:
>
> **INTERROGATORY:**
> Identify all data in Your possession which You originally acquired from Libgen, including all books, articles, metadata, or other information in .txt, .pdf, .epub, .mobi, .csv, .json, .html, or other format, as well as the identity of the individual(s) who acquired the data, the contents of the data, the location(s) where all copies of the data are or have been  stored, the number of copies OpenAI has made of the data, the reasons for those copies, and the size of any file containing the data. To the extent the data in question is included in a larger collection, e.g. included within datasets used for LLM training or stored in a personal Azure collection, identify the name of that larger collection, the individual who compiled that larger collection, the date on which that larger collection was originally created, the date on which the Libgen data was added to that larger collection, the reason for its creation, the number of copies You have made of that larger collection, the reason for those copies, the reason the larger collection was not deleted as part of OpenAI's efforts to delete all data acquired from Libgen, any differences between the data included in that larger collection and the data OpenAI originally acquired from Libgen, and the reasons for such differences.

---

[1] The majority of this data are not books, not published in the U.S., or otherwise irrelevant.  For example, Exhibits 7 and 9 were not registered for U.S. copyright protection.

3181533

Page 3

> **INTERROGATORY:**
> Identify all data that You have deleted which You originally acquired from Libgen, including all books, articles, metadata, or other information in .txt, .pdf, .epub, .mobi, .csv, .json, .html, or other format, as well as the identity of the individual(s) who acquired the data, the contents of the data, the location(s) where all copies of the data were stored, the number of copies OpenAI made of the data prior to deletion, the reasons for those copies, the size of any file which contained the data, the date the data was deleted, and the individual who deleted it. To the extent the data in question was included in a larger collection, e.g. included within datasets used for LLM training or stored in a personal Azure collection, identify the name of that larger collection, the individual who compiled that larger collection, the date on which that larger collection was originally created, the date on which the Libgen data was added to that larger collection, the reason for its creation, the number of copies You made of that larger collection, the reason for those copies, the date on
>
> 12
>
> which that larger collection was deleted, the reason for its deletion, any differences between the data included in that larger collection and the data OpenAI originally acquired or data which OpenAI subsequently recovered, and the reasons for such differences.

*Id.* at 12–13.

## II. Plaintiffs fail to satisfy the good cause and particularized showing requirements.

Plaintiffs fail to cite any authority, much less the applicable legal standards. *First*, to serve written discovery after the deadline, Plaintiffs must establish good cause. Dkt. 238 at 1. *Second*, to justify exceeding the 25 interrogatories permitted under Federal Rule 33(a)(1), Plaintiffs must make a "particularized showing." *Brown v. New York City Dep't of Educ.*, 2024 WL 4493470, at *1 (S.D.N.Y. Oct. 15, 2024) (J. Wang). *Third*, under Local Rule 33.3(b), Plaintiffs must demonstrate that interrogatories are "a more practical method of obtaining the information sought than [an RFP] or a deposition." L.R. 33.3(b). Plaintiffs have done none of that.

**No good cause to serve untimely interrogatories.** Plaintiffs contend that OpenAI "secretly" "withheld" data artifacts responsive to RFPs 6 and 55. They are wrong.

The material at issue—data artifacts ***not*** used in model training related to a 2019 preliminary exploration of raw data—is not responsive to either RFP. RFP 6 is limited to data OpenAI "use[d]" "***to train***" the relevant LLMs. Mot. at 3 (emphasis added). And both RFPs 6 and 55 were narrowed to documents ***discussing*** the use of commercial works or Library Genesis to train the relevant LLMs. Plaintiffs now argue that data artifacts "[o]bviously" "discuss[]" the acquisition of text training data." *Id.* Nonsense. The raw data do not ***discuss*** data acquisition; they *are* the data.

OpenAI preserved that data in 2024, but it was not "improperly withheld"; it is and was not responsive. OpenAI later produced the material to avoid a fight over Plaintiffs' ***new*** post-pivot RFPs. That sequence of events does not establish good cause.

3181533

Page 4

**No particularized showing for exceeding limits.** "Cases in other circuits have characterized a 'particularized showing' as providing the proposed interrogatories for review, demonstrating that the information could not be sought elsewhere, or showing that the benefits of the interrogatories would outweigh any burden." *Gonzalez v. United States*, 2023 WL 3455059, at *4 (E.D.N.Y. May 15, 2023).

Plaintiffs have served 41 interrogatories, received cross production of 89 interrogatories, and made no effort to satisfy the above requirements. For example, they do not weigh purported benefits against the substantial burden. And while Plaintiffs contend they need new interrogatories because Mr. Hallacy could not recall the 2019 project,[2] they do not explain why they didn't pursue the interrogatories (which are not limited to that project) before reaching their limit. Nor do they explain why the information cannot be sought via existing RFPs or upcoming depositions. Notably, in April 2025, Plaintiffs deposed the engineer primarily responsible for the project and did not pursue this information at all.

For these reasons, Plaintiffs' request also **violates Local Rule 33's requirement** that the interrogatories—which are contention interrogatories because they seek the "reasons" for different events—be a "more practical method of obtaining the information" than other means.

## III.    Plaintiffs' proposed interrogatories are compound and unduly burdensome.

Even if Plaintiffs could establish good cause or make a particularized showing, the Court should not permit the interrogatories.

*First*, they are compound and thus improper. An interrogatory counts as multiple if its subparts are not "factually interconnected and dependent upon the question posed by the basic interrogatory." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010).

Here, the "two" interrogatories comprise **38 discrete subparts**, *see* Ex. A, each potentially requiring an investigation, document search, and technical analysis. The "first" interrogatory asks OpenAI to identify every piece of Library Genesis data ever acquired; who acquired it; where and when it was stored; what it is; its size; how many copies were made and why; the reasons for changes between versions; the identities of everyone who created or modified any "larger collection" containing such data; *plus* many more questions about the "larger collection[s]." The "second" interrogatory repeats those same questions—then adds subparts about when, why, and by whom the data was deleted, and how the deleted material compared to data OpenAI later recovered. Each of these "amount essentially to discrete questions in and of themselves." *Ritchie*, 273 F.R.D. at 369.

*Second*, even if the interrogatories somehow counted as only two, they are unduly burdensome and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs assert that the interrogatories are not burdensome because OpenAI undertook efforts to identify Library

---

[2] Yet, Plaintiffs insist on deposing Mr. Hallacy again. Because Plaintiffs proceeded with his deposition knowing that additional material was forthcoming, any additional deposition must count against the limits.

3181533

Page 5

Genesis data in 2022.  Mot. at 4.  But those efforts address a tiny fraction of the 38 subparts. Plaintiffs' subparts purport to impose on OpenAI the burden to synthesize information from thousands of pages of technical productions ***plus*** the memories of employees, including former employees.  If that project was even possible, it would be immense.

***

The Scheduling Order, Federal Rules, and Local Rules do not permit Plaintiffs' request for a burdensome discovery do-over.  The Court should deny the Motion.

    Respectfully,

| KEKER, VAN NEST & PETERS LLP[3] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Thomas E. Gorman* | */s/ Allison S. Blanco* | */s/ Caitlin Sinclaire Blythe* |
| Thomas E. Gorman | Allison S. Blanco | Caitlin Sinclaire Blythe |
| *(pro hac vice)* | *(pro hac vice)* | *(pro hac vice)* |

---

[3] All parties whose electronic signatures are included herein have consented to the filing of this document.

3181533