UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE:

OPENAI, INC.,
COPYRIGHT INFRINGEMENT LITIGATION,

This Document Relates To:
**ALL ACTIONS**

------------------------------------------------------------x

25-md-3143 (SHS) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

It has come to the Court's attention that OpenAI may have disclosed protected settlement communications that took place during the August 15, 2025, confidential settlement conference. Rule 408 of the Federal Rules of Evidence provides:

> (a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a). The most common rationale for Rule 408 is that "it encourages settlement by protecting parties to a settlement agreement or negotiation from having their good-faith efforts to settle a dispute used against them in subsequent litigation." *Am. Soc. Of Composers, Authors & Publishers v. Showtime/The Movie Channel Inc.*, 912 F.2d 563, 580 (2d Cir. 1990). The Second Circuit has also opined that the policy concerns "underlying Rule 408 operate to exclude

consideration of settlement communications even when the Federal Rules of Evidence do not apply." *My Mavens, LLC v. Grubhub, Inc.*, 20-CV-4657 (PGG), 2023 WL 5237519, at *14-17 (S.D.N.Y. Aug. 14, 2023) (citing *Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345 (2d Cir. 2009)) (granting a motion to strike an amended complaint that contained compromise negotiations protected under Rule 408). Thus, the parties' confidential communications made for the purposes of settling a discovery dispute are protected under Rule 408 unless otherwise obtainable by other means. *See Care Environ. Corp. v. M2 Techs., Inc.*, CV-05-1600 (CPS), 2006 WL 148913, at *9 n. 10 (E.D.N.Y. Jan. 18, 2006).

The Clerk of Court is respectfully directed to **SEAL ECF Nos. 692, 656, and 679, as well as all accompanying exhibits**.

The parties are directed to meet and confer by **close of business today** about whether this issue should be discussed at the Wednesday, October 29 discovery status conference or at the Friday, October 31 settlement conference, and file a letter by **11:59 p.m. tonight** informing the Court of the parties' decision.

**SO ORDERED.**

Dated: October 28, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge